Ruffin, Judge.
 

 It was not expected, after the frequent decisions that bonds intended to be official, which had not that character because of some want of conformity to the statute, were not void, but would be supported as good voluntary bonds at common law, that any question would be again made upon it.
 
 The Governor
 
 v.
 
 Meilan,
 
 (2
 
 Law
 
 Rep. 460) was the first case upon the subject.
 
 The Governor
 
 v.
 
 Witherspoon,
 
 (3
 
 Hawks
 
 42) and many others have followed it. And in
 
 the Justices of Cumberland
 
 v.
 
 Armstrong,
 
 it is plainly declared to be the opinion of the court, that a bond payable to the justices of a particular county is not void; for the obli-gees arc sufficiently identified by that description. It follows, that the present bond is valid.
 

 It is said however, that the County Court has no capacity to take such an obligation. Admit it: and what is the consequence ? This bond is not taken to be given 1 ° to the justices, as constituting a court, but given to them ns individuals by the description of their office, instead of their names. That is the ground of all the decisions 0,1 the subject down to that of
 
 Branch
 
 v.
 
 Elliott, (ante
 
 86), Unless, therefore, it is void at common law for uncertainty, it must be supported j and that it is not void for that reason has been settled in those cases. The bond directed by a statute must be taken according to it, to be proceeded on under the statute. But to take such a bond as the present, there is no necessity for a special authority. The distinction is between taking a bond without such an authority, and taking it when forbidden
 
 ;
 
 as in the case of bail bonds.
 

 Per Curiam. — Judgment affirmed.